UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ROBERT WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | Case No. 20-CV-1907 (NEB/HB)<br><br><br>**REPORT AND RECOMMENDATION** |

In an order dated November 4, 2020, this Court ordered Plaintiff Robert Washington to file an amended complaint and a signed copy of his *in forma pauperis* (IFP) application. (Order at 1 [Doc. No. 4].) The Court identified three deficiencies with the original complaint, any one of which would warrant dismissal. (*Id.* at 2–3 (explaining that the complaint was not signed, was frivolous, and failed to state a claim on which relief may be granted).) The Court gave Washington until December 4, 2020, to file these documents, failing which the Court would recommend dismissing this action without prejudice for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

That deadline has now passed, and Washington has not filed an amended complaint or a signed IFP application. In fact, Washington has not communicated with the Court about this case at all since commencing this action. Accordingly, this Court now recommends, in accordance with its prior Order, that this action be dismissed without prejudice under Rule 41(b) for failure to prosecute. *See, e.g.*, *Henderson v. Renaissance Grand Hotel*, 267 F. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A

district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order.").

Based upon the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

Dated: December 18, 2020         s/ *Hildy Bowbeer*
                                 Hildy Bowbeer
                                 United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).